UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NORRIS J. FANGUY, JR.            CIVIL ACTION NO. 10-cv-1159

VERSUS            JUDGE WALTER

JASON SCHREIFELS, ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Norris Fanguy, Jr. ("Plaintiff") alleges that since the age of 13 he has worked in the Gulf of Mexico as a shrimper, crabber, or oysterman. Plaintiff filed a claim for compensation with ESIS, a third-party administrator retained to handle claims for the BP Horizon Gulf of Mexico oil spill. Plaintiff alleges in his pro se complaint hat he talked several times with defendant Jason Schreifels regarding the claim. Schreifels was allegedly rude and accused Plaintiff of fraud after Plaintiff mentioned that he was on disability. Plaintiff writes in one of the attachments to his complaint that he was hurt offshore and is on disability until a physician releases him to return to work. Schreifels, according to the complaint, insisted that Plaintiff obtain a release to return to work before Schreifels would pay his lost-wages compensation claim. Plaintiff alleges that he "told his doctor this and the doctor refused, herein." Plaintiff's complaint seeks $100,000 in damages for violation of civil rights, loss of earnings, and other alleged damages. The named defendants are Mr. Schreifels, ESIS, BP's Claims Processing Center, and BP Horizon Gulf of Mexico Oil Spill.

Plaintiff has filed evidence of an attempt at service and requested entry of default. No defendant has yet appeared. Under the circumstances, the court has undertaken a review of the complaint to assess whether further proceedings are warranted. For the reasons that follow, the complaint should be dismissed.

Plaintiff's complaint makes a general assertion that the Civil Rights Act was violated. The statute most often invoked to assert a claim for violation of civil rights is 42 U.S.C. § 1983. To state a claim under the statute, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and he must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 108 S.Ct. 2250, 2255 (1988). There is no indication in the record that Mr. Schreifels, ESIS, or others associated with the claims process that Plaintiff describes were employed by the State or otherwise state actors within the meaning of the law. Rather, the defendants are private persons or companies against whom there is no plausible claim under Section 1983. And the court is not aware of any other civil rights legislation that would give rise to a viable claim under the facts alleged.

Plaintiff also alleges in his complaint that the court has jurisdiction over the case pursuant to 28 U.S.C. § 1332, which requires diversity of citizenship between Plaintiff and all named defendants. Plaintiff, as the party seeking to invoke the jurisdiction of the court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). Plaintiff does not allege the citizenship of any

defendant, but he does allege that Mr. Schreifels was handling the claim from an office in Hammond, Louisiana. There is no allegation that Schreifels is a citizen of any other state. If both Schreifels and Plaintiff are citizens of Louisiana, there is no diversity jurisdiction under Section 1332.

Assuming diversity of citizenship exists, Plaintiff would have to state a claim under Louisiana law. The essence of Plaintiff's complaint is that, once he stated that he was disabled, Schreifels was rude to him and insisted Plaintiff get a physician's release that showed he could work. Plaintiff seeks damages, based on those facts, for being "intimidated," "discriminated," and for mental anguish.

Louisiana law does not include a civility code that imposes judgments for damages on persons who are merely rude or disagreeable. The only potentially applicable tort theory is intentional infliction of emotional distress. Under Louisiana law, a person alleging such a claim must show that: (1) the defendant's conduct was so extreme in degree and character that it went beyond all bounds of decency and was utterly intolerable in a civilized community; (2) that such conduct caused severe emotional distress; and (3) that the defendant intended, by performing the acts complained of, to inflict severe emotional distress upon the plaintiff, or that the defendant knew that such severe distress would be certain or substantially certain to result from the conduct. White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991). This is a very demanding standard. "It is not enough that the defendant acted with an intent which is tortious or even criminal, or that he has intended to inflict

emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Fletcher v. Wendelta, Inc., 999 So. 2d 1223, 1230 (La. App. 2 Cir. 2009), writ denied, 5 So. 3d 164 (La.).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir.2002).

Plaintiff's allegations do not depict conduct so extreme as to go beyond all bounds of decency and be utterly intolerable in a civilized community. The claims processors are accused of merely being rude and insistent that Plaintiff obtain a physician's release before he could be compensated for missing work as a shrimper. That was not an unusual response. A person who applied for unemployment insurance benefits would have received a similar response if he said he was disabled. A person is ordinarily required to be ready, willing, and able to work to obtain such benefits. Plaintiff complains that his compensation will be reduced if he is, in the future, no longer disabled. The projected date on which Plaintiff

would be able to work again is something his physician could have addressed in the letter requested by the claims processor. In any event, the court need not delve into the details of the claims process and whether Schreifels was right, wrong or rude in how he handled the matter. All that the court must decide is whether Schreifels' actions were so extreme as to be utterly intolerable in civilized society. The facts alleged do not present a plausible basis for Plaintiff to prevail under that demanding standard.

No defendant has yet appeared in this case, and the court should spare them the expense and trouble by dismissing the complaint sua sponte. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process). The court understands that Plaintiff is frustrated and unhappy with the response to his claim, but that dissatisfaction is simply not enough to give rise to a viable civil rights or Louisiana tort claim.

Accordingly,

**IT IS RECOMMENDED** that the complaint be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of September, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE